IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH – SOUTHERN REGION

| | |
|---|---|
| COMMERCE COMMERCIAL PARTNERS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MILLIKEN & COMPANY, a Delaware corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISQUALIFY COUNSEL<br><br>Case #4:22-cv-00020-JNP-PK<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Paul Kohler |

Before the Court is Defendant's Motion to Disqualify Counsel.[1] For the reasons discussed, the Court will deny the Motion without prejudice.

I. BACKGROUND

This breach of contract action arose after Plaintiff Commerce Commercial Partners ("CCP") learned that the tenant of its industrial building, Defendant Milliken & Company ("Milliken"), had terminated its operations at the rental building. CCP alleges that in early 2019, it discovered the building was in disrepair and had not been maintained as required by the lease. CCP also alleges that Milliken made unauthorized alterations to the building. On March 29, 2022, CCP sued Milliken after informal efforts to resolve the disputes about the repairs were unsuccessful.

---

[1] Docket No. 30, filed September 22, 2022.

On September 22, 2022, Milliken filed the instant motion to disqualify CCP's lead attorney, Mr. J. Gregory Hardman,[2] arguing that Mr. Hardman became a material witness in the case and thus cannot also act as an attorney. More specifically, Milliken claims that Mr. Hardman is a necessary witness regarding damages claims that Milliken had allegedly already paid in settlement.[3]

On October 5, 2022, CCP filed its opposition to the motion to disqualify Mr. Hardman.[4] CCP made five arguments in its response: (1) Mr. Hardman is not a necessary witness and any testimony would relate to matters of secondary importance in this case, (2) allowing Mr. Hardman to continue as counsel would not result in prejudice to Milliken, (3) the absence of a jury in this case limits any confusion as to Mr. Hardman's dual role as a witness and an advocate, (4) the disqualification motion is untimely, and (5) disqualifying Mr. Hardman would result in substantial hardship to CCP. Alternatively, CCP argues that if Mr. Hardman is disqualified, he should only be disqualified for trial and not for pre-trial activities. CCP also clarified that Milliken had made a total of $681,419.86 in settlement payments and that the original damages amount claimed in the initial disclosures was a typographical mistake.[5] CCP provided its amended and corrected initial disclosures to reflect the remaining damages claimed after deduction of the $681,419.86 paid by Milliken.[6]

---

[2] *Id.*

[3] *Id.* at 3.

[4] Docket no. 31, filed October 6, 2022.

[5] *Id.* at 3.

[6] Docket no. 31-1.

On October 20, 2022, Milliken filed a reply brief in support of its motion to disqualify.[7]

## II.  DISCUSSION

Ordinarily, the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge and is thus a matter of judicial discretion,[8] and a district court has broad discretion in imposing the remedy of disqualification.[9] However, federal courts have treated a motion for disqualification as one that should only rarely be granted.[10]

Motions to disqualify are governed by two sources of authority.[11] First, attorneys are bound by the local rules of the court in which they appear.[12] Federal district courts usually adopt the Rules of Professional Conduct of the states where they are situated and that holds true in Utah.[13] Under this Court's local rules, attorneys are bound by the Utah Rules of Professional Conduct.[14] Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law.[15]

---

[7] Docket no. 32, filed October 20, 2022.

[8] *Cole v. Ruidoso Mun. Sch.,* 43 F.3d 1373, 1383 (10th Cir. 1994).

[9] *Weeks v. Indep. Sch. Dist. No. I-89,* 230 F.3d 1201, 1211 (10th Cir. 2000).

[10] *Parkinson v. Phonex Corp.,* 857 F. Supp. 1474, 1480 (D. Utah Mar. 3, 1994), *report and recommendation*.

[11] *Cole,* 43 F.3d at 1383.

[12] *Id*.

[13] *Id*.

[14] *See* DUCivR 83-1.5.1(a).

[15] *Cole*, 43 F.3d at 1383.

A.        RULE 3.7(a)

Rule 3.7(a) of the Utah Rules of Professional Conduct provides that, generally, "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness. The Court is not convinced Mr. Hardman is a necessary witness. A lawyer is likely to be a necessary witness where the proposed testimony is relevant, material, not merely cumulative, and unobtainable elsewhere.[16] Though Milliken may continue to probe the issue throughout discovery, it has not demonstrated that Mr. Hardman has exclusive—or even the best—knowledge of particular facts. Because Mr. Hardman's proposed testimony can be obtained from other sources, he is not likely to be a necessary witness.

Even if Mr. Hardman were considered a necessary witness, however, he would (at least at this time) fall under at least one of Rule 3.7's exceptions. Utah Rule of Professional Conduct 3.7 prohibits a lawyer from acting as counsel at trial when the attorney is likely to be a necessary witness unless one of three exceptions applies: (1) the testimony relates to an uncontested issue, (2) the testimony relates to the nature and value of legal services rendered in the case, or (3) disqualification of the lawyer would work substantial hardship on the client.

Regarding the first exception, Milliken argues that Mr. Hardman is a necessary witness because his testimony relates to the issue of damages. Nevertheless, there is a good argument that such testimony would relate to an uncontested issue. The main contested issue in this case revolves around what the lease requires, not what amounts Milliken has paid thus far. Further, CCP admitted in its opposition that its initial disclosures incorrectly and inadvertently included claims of

---

[16] *World Youth Day,* 866 F. Supp. at 1302.

damages that Milliken had already paid.[17] CCP now admits that Milliken paid Watts (at least the portion that Milliken says it is obligated to pay), Center-Line, Hilton, Josephson, and the property taxes (though there is still a dispute as to fees and costs).[18] Thus, that issue is now uncontested. The remaining damages alleged by CCP raise questions of what the lease requires of the parties and the actions taken by the parties either in performance or breach of their obligations.

As to the third exception, disqualifying Mr. Hardman would work a substantial hardship on CCP, considering his work on this case as the lead attorney over a period of years. Given this case's lengthy prelitigation history, it would be challenging and expensive for a new lawyer to get up to speed and effectively advocate for CCP. For these reasons, the first and third exceptions to Rule 3.7 apply, and Mr. Hardman's disqualification is not required.

Another consideration supports this conclusion. A violation of Rule 3.7 ordinarily requires disqualification only when a lawyer acting as both witness and advocate taints the trial by confusing the jury about the lawyer's dual role.[19] Since this case is set for a bench trial, it is less likely that the District Judge will be confused about Mr. Hardman's role in this case.

---

[17] Docket no. 31 at 3.

[18] Docket no. 31-2 at 11, 13, 15–16, 18; Docket no. 30-2 at 2–3.

[19] *Merrill Lynch Bus. Fin. Servs. v. Nudell,* 239 F. Supp. 2d 1170, 1174 (D. Colo. Jan. 13, 2003).

And, as earlier noted, disqualification is generally limited to the lawyer acting as *trial counsel*;[20] assuming no other rule disqualifies the lawyer, Rule 3.7 does not automatically require a lawyer be disqualified from pretrial activities such as participating in strategy sessions, pretrial hearings, settlement conferences, or motions practice.[21] Disqualification from pretrial matters may be appropriate, however, where that activity includes obtaining evidence which, if admitted at trial, would reveal the attorney's dual role.[22] The Court is not convinced that Mr. Hardman's participation in pretrial activities would "include[] obtaining evidence which . . . would reveal the attorney's dual role."[23] As a result, the Court will allow Mr. Hardman to continue as counsel for CCP during at least pretrial activities.

B.     FEDERAL CASE LAW

The sanction or disqualification of counsel should be measured by the facts of each particular case as they bear upon the impact of counsel's conduct upon the trial.[24] Disqualification is an appropriate remedy where the offending conduct threatens to taint the underlying trial or legal system with a serious ethical violation.[25] Thus, the party seeking disqualification bears the burden of persuasion and must adequately show how the participation of the attorney for the remainder of

---

[20] Utah Rule of Professional Conduct 3.7; *see also* Utah State Bar Ethics Advisory Opinion 04-02, 2004 WL 870584, at *2 (April 19, 2004) (emphasis added).

[21] *DP Creations LLC v. Ortiz,* No. 2:19-CV-948 HCN DBP, 2020 WL 1249480, at *3 (D. Utah Mar. 16, 2020); *see also World Youth Day, Inc. v. Famous Artists Merch. Exch. Inc.,* 866 F. Supp. 1297, 1303 (D. Colo. Nov. 1, 1994).

[22] *DP Creations LLC*, 2020 WL 1249480, at *3.

[23] *Id*.

[24] *Parkinson v. Phonex Corp.,* 857 F. Supp. 1474, 1476 (D. Utah July 1, 1994), *order adopting report and recommendation*.

[25] *Id*.

the case would taint the litigation.[26] Where a threat of tainting the trial does not exist, litigation should proceed with the remedy for unethical conduct lying in the disciplinary machinery of the state and federal bar.[27]

When determining whether the offending conduct threatens to taint the trial, courts consider several factors:[28] (1) the egregiousness of the violation, (2) the presence or absence of prejudice to the other side, (3) whether and to what extent there has been a diminution of effectiveness of counsel, (4) hardship to the other side, and (5) the stage of the trial proceedings.[29]

Here, none of the five factors weighs in favor of disqualification. First, Milliken has failed to meet its burden of showing that Mr. Hardman's continued representation violates Rule 3.7 of the Utah Rules of Professional Conduct. Even if there were a violation, it could not fairly be described as egregious.

Second, the Court sees little to no prejudice to Milliken if Mr. Hardman continues to represent CCP. Any risk of tainting the trial is limited in this case because the District Judge will be the finder-of-fact, not a jury.

Third, in the Court's view, counsel for both sides have been effective and will continue to be effective despite the potential that attorneys for each side may be called as witnesses.

---

[26] *Parkinson v. Phonex Corp.,* 857 F. Supp. at 1480, *report and recommendation*.

[27] *Parkinson v. Phonex Corp.,* 857 F. Supp. at 1476, *order adopting report and recommendation*.

[28] *Id*.; *see also Vicidiem, Inc. v. Christensen,* No. 2:19-cv-358 DBB DBP, 2020 WL 5107636, at *4 (D. Utah Aug. 31, 2020).

[29] *Gordon v. Jordan Sch. Dist.,* No. 2:17-cv-00677, 2020 WL 4747763, at *2 (D. Utah Aug. 17, 2020).

Fourth, Milliken faces little hardship if Mr. Hardman continues to represent CCP in this matter. Milliken's attorneys have worked with Mr. Hardman extensively on this case through pretrial settlement negotiations. If anything, disqualifying Mr. Hardman and requiring another attorney to get up to speed on CCP's case could cause more hardship to Milliken than if Mr. Hardman remained as counsel of record.

Finally, this case is still in its early stages.[30] While it is possible that Mr. Hardman may become a necessary witness on a disputed issue, that possibility is merely speculative at this point. The parties indicated in their planning meeting report that the potential for resolution before trial is fair and that they will reevaluate the case for settlement/ADR resolution on December 12, 2022.[31] It is possible that this case will not even go to trial, at which point disqualification would be moot. The Court acknowledges circumstances in this case (as with most cases) are likely to change between now and trial and the matter may need to be revisited at a later time. Accordingly, the Motion will be denied without prejudice.

---

[30] *See* Docket no. 37, filed November 7, 2022 (extending close of fact discovery deadline until March 31, 2023).

[31] Docket no. 19 at 5–6, filed June 17, 2022.

## III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Disqualify Counsel (Docket No. 30) is DENIED without prejudice.

SO ORDERED this 21st day of November, 2022.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge