THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| COMMERCE COMMERCIAL PARTNERS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MILLIKEN & COMPANY, a Delaware corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MILLIKEN'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF CCP'S ALLEGED WASTE DAMAGES**<br><br>Case No. 4:22-cv-00020-DN<br><br>District Judge David Nuffer |

This lawsuit arises from a commercial tenant's alleged breach of a Lease Agreement for an industrial building. Commerce Commercial Partners ("CCP") sued its former tenant, Milliken & Company ("Milliken"). CCP alleges a statutory claim for waste.[1]

Milliken's Motion *in Limine* No. 5 argues that evidence related to CCP's waste claims should be excluded because: (1) the summary judgment order already dismissed claims related to the mezzanine and tilt-up repairs; (2) CCP cannot use its attorneys' fees as a basis for its waste claim;[2] and (3) CCP cannot recover treble damages for its attorneys' fees.[3] Milliken further reasons that CCP's waste claims that rely on attorneys' fees fail because Utah law does not permit attorneys' fees to be recovered in a waste claim.[4] Milliken also requests that evidence related to all waste claims that use the cost of repairs as a basis for the claim be excluded at trial

---

[1] Complaint, ¶¶ 72-76 at 12-13, docket no. 2, filed March 29, 2022.

[2] Defendant's Motion in Limine No. 5 to Exclude Plaintiff's Alleged Waste Damages ("79 Motion"), docket no. 79, filed May 15, 2024.

[3] *Id.* at 4.

[4] *Id.* at 4-5.

because diminution of value is the only valid measure of waste damages.[5] CCP disputes all these assertions.[6]

Milliken's motion *in limine* is GRANTED IN PART and DENIED IN PART. Attorneys' fees cannot be used as a basis for a waste claim in Utah, and CCP is barred from presenting evidence in support of this theory at trial. However, the damages to CCP's property that were not reimbursed by Milliken can be a basis for its waste claim, and CCP may present evidence to support these claims at trial. Treble damages cannot be determined in advance of trial.

### A.   DISCUSSION

#### 1. Attorneys' fees cannot be used as a basis for a waste claim in Utah

The three elements for a waste claim are: "(1) an act constituting waste, (2) the act must be done by one legally in possession, and (3) the act must be to the prejudice of the estate or interest therein of another."[7] "The measure of damages for waste is established by showing either the difference in market value before and after the injury, or the cost of restoration."[8] Waste is generally defined as "the destruction, misuse, alteration, or neglect of premises."[9] The statute that CCP relies on for its waste claim states:

> If a [tenant] of real property commits waste on the property, any person aggrieved by the waste may bring an action against the person. Judgment in the action may include treble damages.[10]

---

[5] 79 Motion, at 8 ("CCP does not have a valid waste claim for any of the repairs that it identifies in its Alleged Waste Claim. . . . Any evidence concerning CCP's Alleged Waste Claim should be excluded from trial.").

[6] Opposition to Defendant's Motion in Limine No. 5 to Exclude Plaintiff's Alleged Waste Damage ("99 Opposition"), docket no. 99, filed May 23, 2024.

[7] *Eleopulos v. McFarland & Hullinger,* 145 P.3d 1157, 1159 (Utah Ct. App. 2006) (citing *Oquirrh Assocs. v. First Nat'l Leasing Co.,* 888 P.2d 659, 664 (Utah Ct. App.1994)); *see also Mountain Dudes, LLC v. Split Rock, Inc.*, No. 2:08-CV-940-CW, 2011 WL 1549425, at *13 (D. Utah Apr. 20, 2011).

[8] *Eleopulos* 145 P.3d at 1159 (citations omitted).

[9] *United States v. Wangsgard*, No. 1:04CV00045 DS, 2005 WL 1743751 at *2 (D. Utah July 20, 2005) (citations omitted).

[10] Utah Code Ann. § 78B-6-1001; Complaint, at 12-13.

In *Eleopulos v. McFarland & Hullinger*, the Utah Court of Appeals analyzed whether expert fees incurred in preparation for trial could be a basis for a waste claim in Utah.[11] The Utah Court of Appeals reasoned that expert fees incurred in preparation for trial are "not recoverable as damages for either of Plaintiffs' breach of contract or waste claims."[12] The Court reasoned that these expert costs are "not in the nature of . . . damages" and "are expenses incurred in preparation for trial and do not represent the money equivalent of detriment or injury sustained."[13]

CCP argues that its waste claim is distinguishable from the claim for expert fees in *Eleopulos v. McFarland & Hullinger*, because: (1) Milliken breached the lease agreement by not paying the attorneys' fees which were incurred for its waste claims; and (2) the attorneys' fees are damages that are "fairly traceable" to the waste.[14] CCP's arguments are contrary to the text of Utah Code Ann. § 78B-6-1001. CCP cannot broadly construe the term "damages" in Utah's Waste statute to include the damages that are associated with an unrelated contract claim for attorneys' fees.

First, CCP's proposed statutory interpretation is contrary to the commonly understood legal definition of the term "waste" which is "the destruction, misuse, alteration, or neglect of premises."[15] Attorneys' fees do not apply to this definition. Second, CCP's proposed statutory interpretation is not correct because the manner in which damages are calculated for a waste claim is "the difference in market value before and after the

---

[11] *Eleopulos*, 145 P.3d at 1159.

[12] *Id.*

[13] *Id.*

[14] 99 Opposition, at 10.

[15] *Wangsgard*, 2005 WL 1743751 at *2 (citing *Oquirrh Assocs. v. First Nat. Leasing Co.*, 888 P.2d 659, 664 (Utah Ct. App. 1994)).

injury, or the cost of restoration."[16] Neither of these calculations considers attorneys' fees. Third, CCP's proposed interpretation of Utah Code Ann. § 78B-6-1001 ignores the language of the statute. Specifically, under the statute "damages" must arise from "waste." The traditional damages that a plaintiff incurs from a waste claim do not include attorneys' fees – or expert witness fees. CCP evidence will not be considered to support a claim for waste where attorneys' fees is the factual basis for the waste claim. However, if the Summary Judgment Order did not dismiss specific repair costs, CCP may present evidence of the cost to repair or diminution of value of its property by reason of the unresolved repairs.

2. **CCP may present evidence for waste claims that uses the cost of repairs as the basis of these claims if the particular claim was asserted and not previously dismissed in the Summary Judgment Order**

Milliken argues that CCP should be barred from asserting evidence relating to <u>any</u> of its waste claims at trial.[17] In response, CCP argues the Summary Judgment Order did not dismiss any waste claims.[18] Both parties are mistaken, and Milliken's remedy is unworkable. With multiple claims in play, evidence cannot be excluded because it does not support one claim while it supports another.

CCP's evidence of waste claims that were not dismissed in the Summary Judgment Order is admissible on the issue of waste. For example, CCP's evidence of a waste claim that relies on damages sustained to mechanical units that were installed by CCP is likely relevant to waste and breach of contract. In contrast, CCP's evidence that

---

[16] *Eleopulos,* 145 P.3d at 1159.

[17] 79 Motion, at 3-4, 8 ("Given the content of the SJ Order, CCP's Alleged Waste Claim is meritless, yet CCP still seeks to brandish that claim as a weapon in its otherwise rapidly vanishing damages case. . . . CCP does not have a valid waste claim for any of the repairs that it identifies in its Alleged Waste Claim[.]").

[18] 99 Opposition, at 6 ("If this Court had dismissed CCP's claim for waste, it would have so stated in the Memorandum Decision and Order on MPSJ.").

support waste claims that were dismissed in the Summary Judgment Order, such as the mezzanine and tilt-up repairs, will not be considered on the issue of waste.

### 3. Treble Damages Will Be Determined at Trial

Milliken argues CCP has no claim for treble damages for the repairs that Milliken paid for before the lawsuit was filed because CCP did not establish that Milliken was sufficiently culpable to justify treble damages.[19] CCP argues that ruling on the issue of treble damages should wait until the conclusion of trial.[20] Milliken does not provide any legal authority that establishes that CCP's claim for treble damages for its waste claim needs to be dismissed prior to trial. Milliken's assertion that "CCP has provided no evidence that Milliken's acts were wanton and reckless"[21] is an argument to be made in a summary judgment or Rule 50 motion. A motion in limine cannot weigh facts. The issue of treble damages will be determined at trial.

---

[19] 79 Motion, at 7-8.

[20] 99 Opposition, at 12-13.

[21] 79 Motion, at 7.

### B.   ORDER

IT IS HEREBY ORDERED CCP's Motion in Limine No. 5[22] is GRANTED IN PART and DENIED IN PART:

> (1) CCP is barred from presenting evidence at trial for its waste claims that rely on attorneys' fees as their factual basis;
>
> (2) CCP may present evidence at trial for its waste claims that were not dismissed in the Summary Judgment Order; and
>
> (3) CCP may, at its election, on the remaining waste claims, present evidence as to the cost of repair for its remaining waste claims or evidence on the diminution in value, or both, for its remaining waste claims. Only one measure of damages will be adopted for each claim.

Signed June 2, 2024.

BY THE COURT

David Nuffer
United States District Judge

---

[22] Defendant's Motion in Limine No. 5 to Exclude Plaintiff's Alleged Waste Damages, docket no. 79, filed May 15, 2024.