THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| COMMERCE COMMERCIAL PARTNERS, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MILLIKEN & COMPANY, a Delaware corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING CCP'S REQUEST FOR PREJUDGMENT INTEREST**<br><br>Case No. 4:22-cv-00020-DN<br><br>District Judge David Nuffer |

A trial of Phase 1 issues was held in June and July 2024. A post-trial order was entered that decided some of the liability issues.[1] One of the issues not resolved in that order is prejudgment interest. CCP filed a memorandum in support of its arguments on prejudgment interest.[2] Milliken filed a memorandum in opposition.[3] Based on the parties' memoranda and the evidence in the record, CCP's request for prejudgment interest is GRANTED.

## BACKGROUND

The Memorandum Decision at the end of evidence in Phase 1 of Trial ("Phase 1 Order") posed the following question: "What is the effect of Utah Code Ann. § 15-1-1(2)."[4] The parties filed their responses, and the parties disagreed on various prejudgment interest issues for the

---

[1] Memorandum Decision at the End of Evidence in Phase 1 of Trial ("Phase 1 Order"), docket no. 149, filed July 4, 2024.

[2] CCP's Post-Trial Brief re: Accrual Date for Prejudgment Interest ("CCP Memo"), docket no. 166, filed July 17, 2024.

[3] Milliken's Post-Trial Brief re: Accrual Date for Prejudgment Interest ("Milliken Memo"), docket no. 170, filed August 2, 2024.

[4] Phase 1 Order at 1-12.

following claims: (1) Mezzanine (Phase 1) Repairs, (2) Phase 2 Repairs, (3) Property Taxes, (4) Rent Abatement, and (5) Concrete Loading Dock.[5]

**Contents**

BACKGROUND ............................................................................................................................. 1
DISCUSSION ................................................................................................................................. 2
    A.    Prejudgment Interest for the Mezzanine Repair ...................................................... 2
    B.    Prejudgment Interest for the Phase 2 Repairs ......................................................... 4
    C.    Prejudgment Interest for the Property Taxes .......................................................... 5
    D.    Prejudgment Interest on Rent Abatement ............................................................... 6
    E.    Prejudgment Interest Concrete Loading Dock Repair ............................................ 8
CONCLUSION ............................................................................................................................... 9

## DISCUSSION

CCP argues Utah Code Ann. § 15-1-1(2) applies to this dispute and that Milliken should pay 10% prejudgment interest for its repairs. Milliken did not object to the application of Utah Code Ann. § 15-1-1(2).

But Milliken argues that CCP chose accrual dates that are too early for the Mezzanine Repairs, Phase 2 Repairs, and Property Taxes; and that CCP is not entitled to any prejudgment interest for the Rent Abatement Claim and Concrete Loading Dock Claim.

### A. Prejudgment Interest for the Mezzanine Repair

CCP argues that prejudgment interest on the mezzanine repair began to accrue January 21, 2022, because that is the date that CCP's counsel emailed Milliken's counsel a "Ten (10) Day Notice – Final Repair Cost Payment Demand."[6] CCP calculated that it was entitled to $30.64 per day for 40 days in prejudgment interest for the $111,836.03 in unpaid Mezzanine repair costs from January 21, 2022, until the amount was paid on March 2, 2022. Milliken acknowledges that CCP is entitled to $30.64 interest per day.[7] But Milliken argues that because

---

[5] CCP Memo at 4-5; Milliken Memo at 1-3.

[6] CCP Memo at 5.

[7] Milliken Memo at 1.

"the balance owed on the partial settlement for mezzanine repairs did not become fixed until ten days after CCP's notice letter was sent—January 31, 2022"—CCP is only entitled to 30 days of prejudgment interest.[8] Milliken does not cite to any provisions of the Lease Agreement to support its position.[9] This order will only determine the correct accrual date because that is the only part of interest calculation on which the parties disagree. All other potential objections to the prejudgment interest on the Mezzanine Repair are waived.

"The purpose of awarding prejudgment interest is to compensate a party for the depreciating value of the amount owed over time and, as a corollary, to deter parties from intentionally withholding an amount that is liquidated and owing."[10] "In Utah, prejudgment interest is recoverable where the damage is complete, the amount of the loss is fixed as of a particular time, and the loss is measurable by facts and figures."[11] "This standard focuses on the measurability and calculability of the damages, and it requires the amount of the loss [to] be calculated with mathematical accuracy in accordance with well-established rules of damages[.]"[12]

Milliken argues the balance owed on the partial settlement for mezzanine repairs did not become fixed until 10 days *after* CCP's notice letter was sent.[13] Milliken argued: "Only after the expiration of that ten-day period was CCP entitled to recover the $111,835.03 balance due[.]"[14]

---

[8] Milliken Memo at 1.

[9] Lease Agreement, Stipulated Exhibit 1; Complaint docket no. 2-1, filed March 29, 2022.

[10] *Diversified Striping Sys. Inc. v. Kraus*, 516 P.3d 306, 324 (Utah Ct. App. 2022).

[11] *Id*.

[12] *Id.*

[13] Milliken Memo at 1.

[14] *Id.*

Milliken's argument is contrary to the bold-face capitalized title of the letter on every page, which states: "TEN (10) DAY NOTICE-FINAL REPAIR COST PAYMENT DEMAND."[15]

More importantly, the clear language of the Lease Agreement contradicts Milliken's argument. The first sentence of Section 29 states:

> In the event any payment of rental or other sum due hereunder is not paid as and when due and Tenant fails to cure such default within ten (10) days after written demand from Landlord, a late fee equal to ten (10%) percent of the amount past due shall be assessed and shall become immediately due.[16]

This sentence establishes that a sum subject to Section 29 is due *before* the 10-Day written notice is received and *before* the ten-day countdown starts.

Milliken breached the lease agreement *well before* CCP sent its *final payment demand* on January 21, 2022. CCP's Final 10-Day Notice stated that Milliken would face a 10% late fee if it did not pay the balance *before* January 31, 2022. This late fee reference did not defer, waive, or extend the date when the $111,835.05 balance was due.[17] Milliken again demonstrates its inability to read or its ability to contort the meaning of the Lease Agreement. The balance had accrued well before CCP gave notice and with the notice became a trigger for the 10% late fee.

Milliken's Memo agrees that the actual balance due was $111,835.05.[18] Milliken shall pay interest on that amount from January 21, 2022, until March 2, 2022, when it was paid.

### B. Prejudgment Interest for the Phase 2 Repairs

Milliken argues CCP's claim for prejudgment interest for the Phase 2 Repairs suffers the same flaw as its claim for prejudgment interest for mezzanine repairs because the balance for these Phase 2 repairs was not due until ten days after CCP sent its 10-day notice on January 21,

---

[15] Stipulated Exhibit 193, at SJR-CCP-001817-001821.

[16] Stipulated Exhibit 1 at SJR-CCP-000019.

[17] Stipulated Exhibit 193, at SJR-CCP-001817.

[18] Milliken Memo at 1 (acknowledging that the finalized balance due was $111,835.05 on January 21, 2022).

2022.[19] This is Milliken's only objection to CCP's request for interest for the Phase 2 Repairs, and all other potential objections to the interest on the Phase 2 Repairs are waived. As discussed in Section A of this order, Milliken is mistaken, and Milliken shall pay interest on the amount due for Phase 2 Repairs from January 21, 2022, until March 2, 2022.

### C. Prejudgment Interest for the Property Taxes

CCP argues that Milliken owes prejudgment interest from December 1, 2021, until March 2, 2022, for the property taxes Milliken failed to pay on the statutory deadline.[20] In response, Milliken again argues that because CCP did not provide Milliken with notice of Milliken's pro rata share of the tax bill until January 21, 2022 and therefore the proper accrual date is January 21, 2022.[21]

Milliken's argument ignores the Lease Agreement's provision that addresses property taxes. The Lease states:

> **SECTION 8. Taxes:** Tenant is responsible for the payment of real estate taxes in respect of the Premises during the term of this Lease, or its pro rata share thereof for any portion of a year during which time the Premises is subject to the possession of Tenant pursuant to the terms of this Lease . . . . *Such taxes and assessments shall be paid on or before the last day on which they may be paid without penalty*. . . . In the event that Tenant shall fail to pay such taxes when due . . . Landlord may pay same, and any such advances made shall be deemed additional rent immediately due and payable hereunder by Tenant.[22]

The Lease Agreement Section 8 establishes Milliken's duty to pay its share of the property taxes on the last day the property taxes are due.[23] The final day to pay property taxes without the taxes

---

[19] Milliken Memo at 2; *see also* Stipulated Exhibit 193, at 001817.

[20] CCP Memo at 5.

[21] Milliken Memo at 2.

[22] Lease Agreement at 2 (emphasis added).

[23] Milliken Memo at 2; Lease Agreement at 2.

being past due is November 30, 2021.[24] Interest began to accrue on the property taxes on December 1, 2021. Milliken's arguments are wrong. Milliken shall pay prejudgment interest on this claim from December 1, 2021, until March 2, 2022.

### D. Prejudgment Interest for Rent Abatement

CCP argues it is entitled to prejudgment interest for the rent abatement claim from the January 21, 2022, demand letter until July 5, 2024.[25] In response, Milliken argues that CCP is not entitled to any prejudgment interest under Utah law for the rent abatement claim.[26]

Milliken's first objection is that Utah law does not provide prejudgment interest on unfixed amounts.[27] The question is then whether this amount is determinable at a specific time.

As stated above, "[i]n Utah, prejudgment interest is recoverable where the damage is complete, the amount of the loss is fixed as of a particular time, and the loss is measurable by facts and figures."[28] "[E]ven though all claims can be reduced eventually to monetary value, not all claims are subject to prejudgment interest."[29] "Utah courts will not award prejudgment interest in cases where the trier of fact has to use its best judgment in assessing the amount to be allowed for past as well as for future injury."[30]

The Utah courts have provided even more specific guidance. The types of cases in which the trier of fact has to use judgment (and not a calculator) "include those stemming from personal

---

[24] Utah Code Ann. § 59-2-1331.

[25] CCP Memo at 5.

[26] Milliken Memo at 2-3.

[27] *Id.* at 2.

[28] *Diversified Striping Sys. Inc. v. Kraus*, 516 P.3d 306, 324 (Utah App. Ct. 2022); *see also USA Power, LLC v. PacifiCorp*, 372 P.3d 629, 666 (Utah 2016) ("Prejudgment interest may be recovered where the damage is complete [and] the loss has been fixed as of a definite time and the amount of the loss can be calculated with mathematical accuracy in accordance with well-established rules of damages.").

[29] *Diversified Striping Sys. Inc.,* 516 P.3d at 324.

[30] *Id.*

injury, wrongful death, defamation, false imprisonment, malicious prosecution, and assault and battery."[31] "If the jury must determine the loss by using its best judgment as to valuation rather than fixed standards of valuation, prejudgment interest is inappropriate."[32]

The rent abatement claim was caused by the new tenant of the Leased Premises being unable to fully utilize the Leased Premises at the start of its lease (June 1, 2021) due to Milliken's delays in repairs. These delays caused CCP to abate two months of rent at a cost of $115,301.03. This was the amount claimed in the January 21, 2022, demand.[33]

However, the Phase 1 Trial Order stated that because "a superseding cause intervened July 15, 2021, rent abatement damages will be limited to 1.5 months."[34]

The damage analysis for the rent abatement claim is mathematical. It does not require speculative discretion that is necessary to set damages for personal injury, wrongful death, defamation, false imprisonment, malicious prosecution, and assault and battery claims. Instead, the rent abatement damages assessed are based on a time period determination and a rent rate. The rent rate does not change. The time period was determined to be different than CCP claimed, but this does not disqualify the claim from prejudgment interest.

Milliken could have avoided prejudgment interest by making a payment. Milliken was in possession of the facts allowing a prediction of the delay time. It just made an unreasonable interpretation and took the extreme position of full denial. Milliken thereby assumed the risk of prejudgment interest. CCP is entitled to prejudgment interest for the unpaid Rent Abatement

---

[31] *Id.*

[32] *Encon Utah, LLC v. Fluor Ames Kraemer, LLC*, 210 P.3d 263, 273 n.23 (Utah 2009).

[33] Stipulated Exhibit 193.

[34] Phase 1 Order at 10.

from January 21, 2022, until July 5, 2024, and per diem interest from July 6, 2024, until the date of entry of the judgment against Milliken.

### E. Prejudgment Interest for Concrete Loading Dock Repair

CCP argues it is entitled to prejudgment interest for the loading dock repairs from July 12, 2022, until July 5, 2024, and per diem additional prejudgment interest from July 6, 2024, until the date of judgment.[35] Milliken responds that CCP is not entitled to prejudgment interest for the loading dock claim because it is not liable for the loading dock repairs and because calculation of damages for this claim requires broad discretion.[36] As previously held in Section D of this Order, the latter argument fails. And the forthcoming Findings of Fact and Conclusions of Law will determine that the first argument fails.

Milliken also argues that prejudgment interest should accrue from March 25, 2024, the date of CCP's Sixth Supplement to its Initial Disclosures.[37] Those disclosures stated that the loading dock claim was valued at $31,280.[38] In Plaintiff's [First] Rule 26 Initial Disclosures[39] dated July 12, 2022, CCP alleged the loading dock claim was valued at $34,065. The loading dock accrual date is therefore July 12, 2022.

Though later proven mathematically inaccurate, the amount of this claim is mathematically determinable, just as the rent abatement claim.[40] The standard is "measur*ability* and calcul*ability*."[41] The Utah Supreme Court indicated that the reference to "mathematical

---

[35] CCP Memo at 5.

[36] Milliken Memo at 3.

[37] Milliken Memo at 3 (citing Stipulated Exhibit 204).

[39] Stipulated Exhibit 198 at 115.

[39] Stipulated Exhibit 198 at 115.

[40] *Diversified Striping Sys. Inc.*, 516 P.3d at 324.

[41] *Id.*

accuracy" for prejudgment interest means the claim "can be" calculated with mathematical accuracy. The Court did not say that a plaintiff must demand the correct amount of damages in order to recover prejudgment interest[42] and Milliken has cited no authority so holding. CCP is entitled to prejudgment interest from July 12, 2022, until July 5, 2024, and per diem interest from July 6, 2024, until the date of entry of the judgment against Milliken.

## CONCLUSION

IT IIS HEREBY ORDERED THAT CCP's request for prejudgment interest is GRANTED as provided herein.

    A.    **Interest for Mezzanine Repairs:** CCP is entitled to prejudgment interest for the Mezzanine repairs from January 21, 2022, until March 2, 2022.

    B.    **Interest for Phase 2 Repairs:** CCP is entitled to prejudgment interest for the Phase 2 repairs from January 21, 2022, until March 2, 2022.

    C.    **Interest for Unpaid Property Taxes:** CCP is entitled to prejudgment interest for the unpaid property taxes from December 1, 2021, until March 2, 2022.

    D.    **Interest for Rent Abatement:** CCP is entitled to prejudgment interest for the unpaid Rent Abatement from January 21, 2022, until July 5, 2024, and per diem interest from July 6, 2024, until the date of entry of the judgment against Milliken.

    E.    **Interest for Concrete Loading Dock Repairs**: CCP is entitled to prejudgment interest for the loading dock repairs from July 12, 2022, until July 5, 2024, and per diem interest from July 6, 2024, until the date of entry of the judgment against Milliken.

---

[42] *USA Power, LLC v. PacifiCorp*, 372 P.3d 629, 667 (Utah 2016).

**IT IS FURTHER ORDERED THAT** CCP shall calculate the interest due and per diem interest following trial, where awarded, and provide the calculations to Milliken. Within 21 days of this order CCP shall file an agreed statement of the calculations, itemized by the subjects A. – E. in this order.

**IT IS FURTHER ORDERED THAT** CCP and Milliken shall confer regarding the appropriate rate of post judgment interest and within 21 days of this order, CCP shall file an agreed statement of the applicable rate.

Signed November 14, 2024.

BY THE COURT

_____
David Nuffer
United States District Judge